■ In the Matter of KEITH R. McAVOY, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents. In the Matter of LEONARD I. TRIPODI, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—This CPLR article 78 proceeding was transferred to this court, by order, Supreme Court, New York County (Stanley L. Sklar, J.), entered September 16, 1987. Determination, dated March 5, 1987, of respondent Police Commissioner of the City of New York, which dismissed petitioner, Mr. Keith R. McAvoy, from the Police Department for misconduct, is unanimously modified, on the law and on the facts, petition is granted to the extent of annulling the penalty, and remanding it to the respondent for reconsideration, and except as thus modified, the determination is otherwise confirmed, without costs.

This article 78 proceeding was transferred to this court, by order, Supreme Court, New York County (Stanley L. Sklar, J.), entered September 16, 1987. Determination, dated March 5, 1987, of respondent Police Commissioner of the City of New York, which dismissed petitioner, Mr. Leonard I. Tripodi, from the Police Department for misconduct, is unanimously modified, on the law and on the facts, petition is granted to the extent of annulling the penalty, and remanding it to the

respondent for reconsideration, and, except as thus modified, the determination is otherwise confirmed, without costs.

By service of two separately written sets of charges and specifications, both dated September 10, 1985, the New York City Police Department (Department) charged Police Officers Keith R. McAvoy (Officer McAvoy) and Leonard I. Tripodi (Officer Tripodi) with two violations of the Department's Patrol Guide, in that, on April 23, 1984, at approximately 7:00 P.M., while on duty in Kings County, those two officers allegedly wrongfully repossessed an automobile, and, thereafter, they allegedly made false entries in their activity logs concerning that wrongful possession. Each officer pleaded not guilty.

Following a joint disciplinary trial, at which both officers testified in their own defense, a Department Assistant Trial Commissioner (ATC) recommended to the Police Commissioner (PC) that Officers McAvoy and Tripodi be found guilty as charged, and that they be dismissed from the Department. Thereafter, in separate orders dated March 5, 1987, the PC approved the ATC's recommendations, and dismissed those officers.

On or about June 1, 1987, each officer instituted, in the Supreme Court, New York County, a separate proceeding, pursuant to CPLR article 78, challenging the PC's (respondent's) determination of March 5, 1987, *supra.* After service of the answer, since an issue was raised as to whether the determination was supported by substantial evidence, upon the basis of CPLR 7804 (g), separate orders of the Supreme Court transferred these two matters to this court for review *(Collana v Perales,* 123 AD2d 493 [1986]).

Based upon our examination of the trial transcript, we find that substantial evidence supports the findings of guilty of wrongful repossession of the subject vehicle.

However, our review of the report of the ATC indicates, in a section of that report entitled "Penalty", that the ATC found it more reasonable to believe that the officers participated in the wrongful repossession for a fee, rather than out of casual friendship. Although there was evidence adduced at the trial that Officer McAvoy knew Mr. Joseph E. Gilroy, who was an employee of the Community National Bank, which bank was endeavoring to repossess the automobile, we cannot find a scintilla of evidence in the record which indicates that these officers asked for or received any fee for what they did. The ATC's speculation has no basis in the record.

In view of the fact that the respondent approved the ATC's report, which contained her recommendations, in its entirety, without comment, we find that the respondent acted arbitrarily and capriciously in dismissing these officers, since he took into consideration the conclusion, unsupported by any evidence, of the ATC that the officers committed the misconduct for a fee.

Significantly, the ATC acknowledged in her report that both officers had no prior disciplinary record with the Department.

Officer McAvoy was appointed to the Department on January 25, 1982. Thereafter, until his dismissal, he earned one award for excellent police duty, and was consistently rated "Above Standards".

Officer Tripodi was appointed to the Department on March 2, 1970. Thereafter, until his dismissal, he earned three awards for meritorious police duty, and nine awards for excellent police duty, and was consistently rated "Above Standards".

While we recognize that "[i]n matters of police discipline, we must accord great leeway to the Commissioner's determinations concerning appropriate punishment, because he, and not the courts, is accountable to the public for the integrity of the Department" (Matter of Berenhaus v Ward, 70 NY2d 436, 445 [1987]), we do not perceive our duty, in reviewing the PC's disciplinary determinations, to be that of a rubber stamp.

Over the past several years, in our review of the PC's disciplinary determinations, we have found a disturbing pattern of inconsistency of punishment. In other words, while the PC has imposed very lenient punishment for very serious acts of misconduct, he, at the same time, has dismissed officers for committing what would appear to be significantly less serious violations.

Set forth, infra, are two recent examples of this pattern:

In Matter of Flowers v Ward (138 AD2d 242 [1st Dept 1988]), Police Officer Flowers, who had been found guilty of seven charges and specifications, including striking a civilian and wrongfully issuing summonses for disorderly conduct and harassment, was suspended for 30 days, and, placed on disciplinary probation for one year by the PC. In Flowers (supra, at 243), we commented that the punishment was "notable * * * for its extreme leniency, both in terms of [Officer Flowers'] inexcusable conduct in an incident which he alone sparked, and in comparison to the sanctions meted out in other cases for infractions much less serious than those involved here".

We also noted in *Flowers (supra,* at 243), "A disturbing question is raised in our minds as to [Officer Flowers'] fitness for police work".

Furthermore, in *Matter of Maxwell v Ward* (145 AD2d 303), Police Officer Maxwell, who had been found guilty of wrongfully engaging in an altercation with two civilians and wrongfully causing their arrest, was suspended for a period of 30 days, and placed on disciplinary probation for one year by the PC. In *Maxwell (supra,* at 304), we stated "that the penalty imposed was extremely lenient in view of [Officer Maxwell's] gross abuse of his public authority for private and vindictive ends, especially when compared with sanctions imposed by the Commissioner in other cases for infractions much less serious. This is not the first instance we have seen of such marked and unfair disparity in the imposition of sanctions".

Of course, we recognize "the importance and the necessity of strict discipline in the Police Department, a quasi-military organization" *(Matter of Bal v Murphy,* 55 AD2d 26, 29 [1st Dept 1976], *affd* 43 NY2d 762 [1977]). However, this fact does not give the PC a blank check to be arbitrary, capricious, and irrational in the imposition of discipline, so that "the punishment shocks one's conscience" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 240 [1974]).

We further note that each proceeding must be decided on its own record and merits. However, we are compelled to note what we deem to be a gross disparity in the penalties meted out to officers who abused their positions by unlawfully assaulting citizens *(Matter of Flowers v Ward, supra; Matter of Maxwell v Ward, supra),* and the penalty administered in the subject appeal.

Although the charges herein are serious, we find the punishment of dismissal was " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ., supra,* at 233).

Accordingly, we grant the petitions of Officers McAvoy and Tripodi to the extent of annulling the penalty portion of the determinations, and remand them to the PC for reconsideration. Concur—Ross, J. P., Asch, Kassal and Smith, JJ.