■ In the Matter of JOHN SULLIVAN, Petitioner, v CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (Francis Pecora, J.), entered May 4, 1989, unanimously dismissed, without costs or disbursements, and the determination of respondent New York City Department of Housing Preservation and Development dated October 21, 1988, which found petitioner guilty of four charges arising from his offering, for a fee, to assist a private community organization to obtain grant funds and imposed the penalty of dismissal, confirmed.

Petitioner, while employed as an assistant architect with respondent Department, was charged with using his position, in return for payment of a fee, to assist a community organization in obtaining grant moneys. After a hearing, the Administrative Law Judge found petitioner guilty as follows:

"1. That while employed as an Assistant Architect with the Department of Housing Preservation and Development you simultaneously engaged in private employment as a consultant. Your consultant activities constituted an abuse of your position and violated Section 2604 C (1) and (2) of the New York City Charter, which is more fully set forth in exhibit A, annexed hereto and made a part here of *[sic]*.

"2. That while employed as aforesaid, and in violation of the aforementioned sections of New York City Charter, you contacted a private citizen who had submitted a contract proposal to an agency of the City of New York. You offered to assist

this private citizen to obtain the contract in exchange for fees totalling $600 plus 10% of the contract price should the contract be awarded.

"3. That as a result of your activities set forth in Specifications One (1) and Two (2) above, you violated the Rules and Regulations for employees of the Department of Housing Preservation and Development in that you solicited from a private citizen monetary benefit for violating your duties as an employee.

"4. That you further violated the Rules and Regulations for employees of the Department of Housing Preservation and Development in that you failed to notify the Personnel Officer of the agency, in writing, of your outside employment as set forth in Specification One (1) above."

Petitioner's sole contention on appeal is that the penalty of dismissal was excessive. The standard of review in article 78 proceedings is whether the penalty imposed is so disproportionate to the offense as to be shocking to the court's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of McAvoy v Ward,* 145 AD2d 378, 381, *lv denied* 74 NY2d 606). Petitioner's infraction involved a breach of trust for which termination has been held appropriate *(Matter of Chilson v Board of Educ.,* 34 NY2d 222). Concur—Rosenberger, J. P., Kassal, Ellerin, Smith and Rubin, JJ.