■ In the Matter of Gary D'Andrea et al., Petitioners, v Raymond Kelly, as Police Commissioner of the City of New York, et al., Respondents. [899 NYS2d 845]—

Determination of respondent Police Commissioner, dated September 29, 2008, finding petitioners guilty of failing to report wrongful conduct by another member of the Police Department and imposing a forfeiture penalty of 30 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Walter B. Tolub, J.], entered March 3, 2009) dismissed, without costs.

Substantial evidence supports the finding that petitioners, having improperly provided confidential information to a fellow officer, failed to notify proper authorities when they learned that the information had been leaked to a newspaper reporter. There is no basis in the record to disturb the agency's findings

regarding witness credibility (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). We reject petitioners' contention that the Department Advocate conceded that petitioners committed no misconduct when they provided the confidential information to the fellow officer. We also reject petitioners' argument that the determination should be annulled because "the fact that there was a leak of information was known to everyone at the [Applicant Processing Division] . . . , petitioners did not know the source of the leak . . . and . . . reasonably believed that the [Police Department] knew the source of the leak." Regardless of whether the argument is correct as a matter of fact, it is wanting as a matter of law because petitioners knew that the leak had occurred and did not report it even though they unquestionably had information relevant to the issue of who had committed the misconduct. The record reflects that the Assistant Deputy Commissioner who presided over the hearing in this matter considered "the otherwise fine service records" of petitioners in determining the appropriate penalty for this misconduct, and the penalty imposed does not shock our conscience (cf. *Matter of Rodriguez-Rivera v Kelly*, 2 NY3d 776 [2004]). Concur—Tom, J.P., Andrias, Saxe and McGuire, JJ.

Manzanet-Daniels, J., dissents in part in a memorandum as follows: The penalty imposed shocks the conscience and should be reduced (*see* CPLR 7803 [3]).

On March 3, 2005, an article appeared in the New York Daily News entitled "They've Been Arrested, Been Fired and Now They're . . . Black Marks in Blue" (at 5). The article asserted that New York Police Department "[b]rass" had "sign[ed] off on [a] rogues' gallery of hires," including recruits with prior arrests for robbery, weapons possession and assault. The article did not mention any of the recruits by name, though it noted that one had "admit[ted] he shot up anabolic steroids for years" and another had been "fired from Macy's for allegedly stealing." Petitioners herein had investigated these two recruits as candidates and found them not suitable, and, prior to the appearance of the Daily News article, turned over the case review sheets pertaining to these candidates to their union representative, Mr. Brosseau, as examples of what they considered to be inferior candidates.

Both petitioners were found not guilty of the first specification charging them with acting in concert to release confidential information to advance their private interest, in violation of the conflict of interest statute. They were found guilty of the second specification, failure to report serious misconduct by another member of the Department, specifically, that upon reading the

Daily News article they became aware that confidential information they had improperly provided to another member of the Department had been leaked, and failed to report same. Although both petitioners read the article, they testified that they believed the source of the leak was Police Officer Baumgardt, a fellow officer in the Applicant Processing Division and the wife of former Sergeant Petroglia, who was quoted extensively in the article. Officer Baumgardt was in fact briefly transferred, indicating to both petitioners that Internal Affairs was aware of the misconduct and looking into it. Thus they did not believe it incumbent upon them to reveal that they had disclosed confidential information pertaining to the candidates to their union representative Brosseau. The Assistant Deputy Commissioner of Trials found no evidence indicating that either petitioner ever met with a reporter or anyone from the Daily News or the PBA, or knew that the information provided to Brosseau would appear in the newspaper.

The cases cited by the Assistant Deputy Commissioner in recommending the penalty of forfeiture of 30 vacation days involved a failure to report objective misconduct. One case involved an officer cancelling a request for a tow truck to respond to an accident scene and failing to report that an off-duty member had been involved in a motor vehicle accident, with serious physical injury, where the member believed alcohol had been involved. Another case involved a failure to inform the Department that a family member had access to a vehicle that had been involved in a hit-and-run, and intentionally withholding that information in an effort to protect the family member during a departmental investigation of the accident.

Petitioners' misconduct here is not of a similar caliber. Petitioners were accused of turning over confidential employee files to Officer Brosseau, their union representative. Their interest in doing so was solely to improve the quality of candidates approved to become police officers. Petitioners' excellent service records also provide reason to annul the harsh penalties imposed (*see Matter of Lagala v New York City Police Dept.*, 286 AD2d 205, 206 [2001], *lv denied* 97 NY2d 605 [2001]; *Matter of McAvoy v Ward*, 145 AD2d 378, 380 [1988], *lv denied* 74 NY2d 606 [1989]). The penalty imposed, forfeiture of 30 days, is excessive. Petitioners have already been punished. Both were transferred out of the Applicant Processing Division as a result of the charges. I would therefore reduce the penalty imposed to the forfeiture of 10 vacation days.